**FILED**

AUG - 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

------------------------------------------------------------

ELAINE L. CHAO,                                          :
SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,   :
THE CURTIS CENTER, SUITE 630E,
170 S. INDEPENDENCE MALL WEST
PHILADELPHIA, PA 19106-        Plaintiff,         :        Civil Action
3306
           v.                                            :        No. _____

CALEB A. GRAY-BURRISS, 3838 Carpenter      :
Street SE, Washington DC 20020; NATIONAL
ASSOCIATION OF SPECIAL POLICE
AND SECURITY OFFICERS,                              CASE NUMBER   1:06CV01382
1101 30th Street NW, Washington DC, 20020;
NATIONAL ASSOCIATION OF                        JUDGE: Gladys Kessler
SPECIAL POLICE
AND SECURITY OFFICERS PENSION FUND,   DECK TYPE: TRO/Preliminary Injunction
1101 30th Street NW, Washington DC, 20020;
NATIONAL ASSOCIATION OF                        DATE STAMP: 08/03/2006
SPECIAL POLICE
AND SECURITY OFFICERS HEALTH PLAN      :
AND TRUST,
1101 30th Street NW, Washington DC, 20020;    :
THE HARBOR BANK OF
MARYLAND, 6820 Riverdale Road,                    :
Riverdale, MD 20737;
DECO SECURITY SERVICES, 14275 Golf           :
Course Drive, Suite 250, Baxter, MN 56425;
SECTEK, INC., 11413 Isaac                              :
Newtown Square, Reston, VA 20190; and
AMERICAN SECURITY PROGRAMS, INC.       :
22900 Shaw Road, No. 101-1, Dulles, VA 20166,  :

                    Defendants.               :

------------------------------------------------------------

**COMPLAINT**

1

Elaine L. Chao, Secretary of Labor, United States Department of Labor, hereby alleges:

## JURISDICTION AND VENUE

1.      This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA" or "the Act"), 29 U.S.C. § 1001, et seq., and is brought to obtain relief under Sections 409 and 502 of ERISA, 29 U.S.C. §§ 1109 and 1132, in the form of equitable remedies that will redress violations, obtain restitution from employee benefit plan fiduciaries and enforce the provisions of Title I of the Act.

2.      This Court has subject matter jurisdiction over this action pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3.      Defendant Caleb A. Gray-Burriss ("Burriss") is the Executive Director and Secretary/Treasurer of the National Association of Special Police & Security Officers ("NASPSO").  NASPSO sponsors the NASPSO Pension Plan ("Pension Plan") and the NASPSO Health Plan and Trust ("Health Plan")(collectively, "the Plans").  At all relevant times, the Plans have been administered in the District of Columbia.

4.      Venue with respect to this action lies in the District of Columbia, pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## PARTIES

5.      The Secretary, pursuant to Sections 502(a)(2) and (5) of the Act, 29 U.S.C. §§ 1132(a)(2) and (5), has the authority to enforce the provisions of Title I

of ERISA by, among other means, the filing and prosecution of claims against fiduciaries and others who commit violations of ERISA.

6.    At all relevant times, defendant NASPSO, has been located at 1101 30th Street NW, Washington DC, 20020.

7.    At all relevant times, defendant Caleb A. Gray-Burriss, who resides at 3838 Carpenter Street SE, Washington D.C. 20020, has been the Executive Director and Secretary/Treasurer of NASPSO.

8.    Burriss controls the day-to-day operations of NASPSO and has ultimate responsibility for its actions. Burriss and NASPSO have sole responsibility for administering the Pension Plan and managing its assets. They have exercised discretionary authority or discretionary control respecting management of the Pension Plan or exercised any authority or control respecting the management or disposition of Pension Plan assets. They are fiduciaries with respect to the Pension Plan within the meaning of Section 3(21)(A) and parties in interest and service providers within the meaning of Sections 3(14) (A) and (B) of ERISA, 29 U.S.C. §§ 1002(21)(14) and 1002(14) (A) and (B).

9.    Burriss, NASPSO and Russell Stephens ("Stephens") are fiduciaries of the Health Plan. NASPSO is responsible for appointing, removing, and monitoring the union trustee of the Health Plan. The Health Plan provides that the union trustee, Burriss, and the employer trustee, Russell Stephens, are the committee that runs the Plan. The trustees are to take and hold any contributions to the Plan and forward such contributions to a third party administrator for the

3

payment of health claims. They have exercised discretionary authority or discretionary control respecting management of the Health Plan or discretionary control respecting management or disposition of Health Plan assets. They are fiduciaries with respect to the Health Plan within the meaning of Section 3(21)(A) and parties in interest and service providers within the meaning of Sections 3(14) (A) and (B) of ERISA, 29 U.S.C. §§ 1002(21)(14) and 1002(14) (A) and (B).

10.     The Pension Plan and Health Plan are joined as party defendants pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

11.     The Harbor Bank of Maryland ("Harbor Bank") is the custodian of the assets of the Pension Plan and Health Plan and is joined as a party defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

12.     Deco Security Services ("Deco") participates in and contributes to the Pension Plan and is joined as party defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

13.     SecTek, Inc. ("SecTek") and American Security Programs, Inc. ("American Security") participate in and contribute to the Health Plan and are joined as party defendants pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

4

## GENERAL ALLEGATIONS

14.    NASPSO is a Washington D.C.-based union that represents security guards in the metropolitan Washington D.C. area.

15.    There are approximately eight hundred members in NASPSO. NASPSO has collective bargaining agreements with approximately ten employers.

16.    Burriss established the NASPSO Pension Plan on or about June 2004, and since that time Burriss and NASPSO have been solely responsible for the administration and management of the Pension Plan and its assets.  There is no written Pension Plan document.

17.    NASPSO opened a Pension Plan account with Harbor Bank on or about June 16, 2004.  The Pension Plan account is in the name of the "National Association of Special Police & Security Officers Pension Fund" (Acct. No. 1100058674).

18.    Harbor Bank is the custodian of the assets belonging to the Pension Plan.

19.    Three employers, SecTek, Deco, and Ares Group, Inc. ("Ares"), executed contracts with the federal government under the Service Contract Act. The agreements set the minimum hourly wage rate and fringe benefit rate employers must pay to employees working under federal contract.

20.    The employers have also signed CBAs obligating them to pay the Pension Plan a set amount per hour worked.  The employers have chosen to pay their required fringe benefit by paying into the Pension Plan.

5

21.     The union member employees are immediately one hundred percent vested in the Pension Plan. In order to make a withdrawal from the Pension Plan, union member employees would notify Burriss and NASPSO of their intention to withdraw their pension assets.

22.     Deco began making payments to the Pension Plan in June 2004. SecTek began making payments to the Pension Plan in August 2004. Ares began making payments to the Plan in January 2005. Deco is the sole employer that currently contributes to the Pension Plan.

23.     Deco, SecTek, and Ares typically mailed checks to NASPSO on a monthly basis for contribution to the Pension Plan. The employers generally sent their contributions to NASPSO, along with the names of its employees and the contribution amounts for each employee. The pay stubs of the employees reflect the contribution amount forwarded by the employer for the Pension Plan.

24.     The checks sent by Deco, SecTek, and Ares were generally made payable directly to the Pension Plan, or alternatively, to NASPSO with the Pension Plan identified as the designated recipient on the memo line of the check.

25.     Since September 2004, Burriss has withdrawn a total of $95,997.73 from the Pension Plan account. There have been twenty-one withdrawals payable to "cash," five to "Caleb A. Gray-Burriss," and eleven payable to "NASPSO."

26.     There have been a total of eleven checks or transfers directly from the Pension Plan into a Harbor Bank account called the NASPSO Membership

6

Dues account (Acct. No. 1100058633). Most recently, on July 18, 2006, Burriss transferred $2,500 from the Pension Plan account to the Membership Union Dues account.

27.    Burriss and NASPSO also have discretion and control over the NASPSO Health Plan and its assets.

28.    Burriss established and became the union trustee of the NASPSO Health Plan on January 1, 2006. Russell Stephens is the employer trustee. Stephens is president of Security Assurance Management, Inc. The Health Plan is intended to provide health and related benefits for union member employees. NASPSO is responsible for appointing, removing, and monitoring the trustees of the Health Plan. The Health Plan provides that the union trustee, Burriss, and the employer trustee, Russell Stephens, are the committee that runs the Plan. The trustees are to take and hold any contributions to the Plan. The trustees then forwards health Plan contributions to a third party administrator, FCE Benefits Administrators ("FCE"), for payment of health claims.

29.    SecTek and American Security are the two employers that currently participate in and contribute to the Health Plan.

30.    FCE is a third party administrator located in Burlingame, California. FCE, under the terms of its agreement with NASPSO, performs numerous delineated duties with respect to the administration of the Health Plan.

31.    SecTek and American Security generally forward their Health Plan contributions to NASPSO on a monthly basis. Burriss is responsible for

7

forwarding the employers Health Plan contributions to a Health Plan account with Harbor Bank. Burriss transfers assets to FCE for the administration and payment of claims under the Health Plan.

32.    The Health Plan account is identified in the Harbor Bank account statements as "NASPSO Health and Welfare" (Acct. No. 1100058682).

33.    As of July 25, 2006, the Health Plan account balance was $112,422.22.

34.    Burriss has represented that he has taken assets of the Pension Plan, purchased certificates of deposits with the assets, and that these CDs are currently in the name of the Health Plan. The value of the three CDs amounts to approximately $45,000. The account numbers of these CDs, which are held at Harbor Bank, are as follows: 15025, 15054, and 15061.

35.    There is no evidence that either the Pension Plan or the Health Plan, or the fiduciaries of the Plans, are bonded.

## VIOLATIONS

Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts by reference the averments and allegations of paragraphs 1 through 35, inclusive.

By the actions and conduct described in paragraphs 1 through 35, the defendants NASPSO and Burriss:

1.    Violated ERISA § 403, 29 U.S.C. § 1103, by failing to hold plan assets in trust;

8

2.      Failed to discharge their fiduciary duties with respect to the Pension Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and beneficiaries and defraying reasonable expenses of administering the Pension Plan, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

3.      Failed to discharge their fiduciary duties with respect to the Pension Plan with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

4.      Caused the Pension Plan to engage in transactions which they knew or should have known, constituted the direct or indirect transfer of Pension Plan assets to, or use of Pension Plan assets, by or for the benefit of, parties in interest in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

5.      Dealt with assets of the Pension Plan in their own interest or for their own account, in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1); and

6.      Failed to bond every fiduciary and every person who handles funds, in violation of ERISA § 412(a), 29 U.S.C. § 1112(a).

### PRAYER FOR RELIEF

**WHEREFORE**, the Secretary prays that this Court:

1.  Issue a temporary restraining order and a preliminary injunction:

9

a.   Removing defendants Burriss and NASPSO as fiduciaries of the Pension Plan and Health Plan;

b.   Enjoining defendants Burriss and NASPSO from receiving, either directly or indirectly, compensation from the Pension Plan and Health Plan;

c.   Enjoining defendants Burriss and NASPSO from exercising any custody, control, or decisionmaking authority with respect to the assets of the Pension Plan and Health Plan;

d.   Appointing an independent fiduciary, David Lipkin of Metro Benefits, Inc., with plenary authority and control with respect to the management and administration of the Pension Plan, including the authority to marshall assets on behalf of the Pension Plan, pursue claims on its behalf, and take all appropriate actions for the rehabilitation or liquidation of the Pension Plan and distribution of benefits to the Pension Plan's participants and beneficiaries;

e.   Ordering defendants Burriss and NASPSO, their agents, employees, service providers, banks, accountants, and attorneys to provide the Secretary and independent fiduciary all of the books, documents, and records relating to the finances and administration of the entities, and order the defendants to make an accounting to the Secretary and the independent fiduciary of the participants and

beneficiaries of the Pension Plan, and of all transfers, payments, or expenses incurred or paid in connection with the Pension Plan and employer contributions to the Pension Plan;

f.     Ordering defendant Deco Security Services not to forward Pension Plan contributions to Burriss and NASPSO, but instead forward Pension Plan contributions directly to the independent fiduciary.

g.     Ordering defendants SecTek and American Security not to forward Health Plan contributions to Burriss and NASPSO, but instead forward Health Plan contributions directly to the current third party administrator of the Health Plan, FCE;

h.     Ordering the defendants to post a bond or other security in an amount adequate to secure the participants and beneficiaries of the Pension Plan against any past or future losses resulting from their fiduciary misconduct;

i.     Freezing all assets of defendant Burriss and NASPSO, and enjoining them and their fiduciaries, agents, employees, service providers, depositories, banks, accountants, attorneys, and any other party acting in concert with or at the direction of them from expending, transferring, hypothecating, secreting, or otherwise disposing of any assets, until such time as all employee benefits and costs of the Independent Fiduciary have been paid and all unjust enrichment disgorged; and

11

    j.    Ordering Harbor Bank to freeze all assets of defendant Burriss and NASPSO for all accounts with Harbor Bank held in the name of Burriss and NASPSO, either individually or jointly.

2.    After a final hearing on the merits, issue an order permanently:

    a.    Removing defendants Burriss and NASPSO as fiduciaries of any employee benefit plans to which they may currently serve and enjoining them from acting directly or indirectly, in any fiduciary capacity, with respect to any employee benefit plan subject to ERISA and bar them from providing any services, directly or indirectly, for compensation or otherwise to any such plan;

    b.    Enjoining defendants Burriss and NASPSO from receiving, either directly or indirectly, compensation from any employee benefit plan subject to ERISA, except for benefit payments due to them under the terms of an employee benefit plan provided by an employer for whom they have provided services unrelated to the operation or management of the plan;

    c.    Enjoining defendants Burriss and NASPSO from exercising any custody, control, or decisionmaking authority with respect to the assets of any employee benefit plan covered by ERISA;

    d.    Appointing an independent fiduciary, David Lipkin of Metro Benefits, Inc., with plenary authority and control with respect to the management and administration of the Pension Plan, including authority to marshall assets on behalf of the Pension Plan, pursue claims on their behalf, and take all

appropriate actions for the rehabilitation or liquidation of the Pension Plan and distribution of benefits to the Pension Plan's participants and beneficiaries;

e.  Ordering defendants Burriss and NASPSO, their agents, employees, service providers, banks, accountants, and attorneys to provide the Secretary and independent fiduciary all of the books, documents, and records relating to the finances and administration of the entities, and order the defendants to make an accounting to the Secretary and the independent fiduciary of the participants and beneficiaries of the Pension Plan, and of all transfers, payments, or expenses incurred or paid in connection with the Pension Plan and employer contributions to the Pension Plan;

f.  Enjoin defendants Burriss and NASPSO from coercing, intimidating, interfering with or attempting to coerce, intimidate or interfere with the independent fiduciary or with the agents, employees or representatives of the independent fiduciary and be ordered to cooperate fully with the independent fiduciary;

g.  Ordering defendants Burriss and NASPSO to restore any losses caused by their fiduciary misconduct or their knowing participation in fiduciary misconduct by a fiduciary as alleged in this Complaint;

h.  Ordering defendants Burriss and NASPSO to disgorge any funds which they have obtained in violation of ERISA's fiduciary duties or their knowing participation in fiduciary misconduct by a fiduciary as alleged in this

13

Complaint, and correcting the prohibited transactions alleged in this Complaint in such manner as will best serve the interests of the participants and beneficiaries of the ERISA-covered employee benefit plan which they have harmed;

i.  Ordering defendants Burriss and NASPSO to post a bond or other security in an amount adequate to secure the participants and beneficiaries of the plans against any past or future losses resulting from their fiduciary misconduct;

j.  Freezing all assets of defendants Burriss and NASPSO, and enjoining them and their fiduciaries, agents, employees, service providers, depositories, banks, accountants, attorneys, and any other party acting in concert with or at the direction of them from expending, transferring, hypothecating, secreting, or otherwise disposing of any assets, until such time as all employee benefits and costs of the Independent Fiduciary have been paid and all unjust enrichment disgorged;

k. Awarding such other relief as is equitable and just; and

14

l.  Awarding plaintiff, Secretary of Labor, the costs of this action.


Address:

Catherine Oliver Murphy
Regional Solicitor
Office of the Solicitor
The Curtis Center, Suite 630E
170 S. Independence Mall West
Philadelphia, PA 19106
(215) 861-5139-phone
(215) 861-5162-facsimile


Howard M. Radzely
Solicitor of Labor

Catherine Oliver Murphy
Regional Solicitor

Donald K. Neely
Attorney


U.S. DEPARTMENT OF LABOR

Attorneys for Plaintiff

15