# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

---

ELAINE L. CHAO,  
SECRETARY OF LABOR,  
UNITED STATES DEPARTMENT OF LABOR, :

          Plaintiff, :    Civil Action

v.

:     No. _____

CALEB A. GRAY-BURRISS, 3838 Carpenter  
Street SE, Washington DC 20020; NATIONAL  
ASSOCIATION OF SPECIAL POLICE  
AND SECURITY OFFICERS,  
1101 30th Street NW, Washington DC, 20020;  
NATIONAL ASSOCIATION OF  
SPECIAL POLICE  
AND SECURITY OFFICERS PENSION FUND,  
1101 30th Street NW, Washington DC, 20020;  
NATIONAL ASSOCIATION OF  
SPECIAL POLICE  
AND SECURITY OFFICERS HEALTH PLAN  
AND TRUST,  
1101 30th Street NW, Washington DC, 20020;  
THE HARBOR BANK OF  
MARYLAND, 6820 Riverdale Road,  
Riverdale, MD 20737;  
DECO SECURITY SERVICES, 14275 Golf  
Course Drive, Suite 250, Baxter, MN 56425;  
SECTEK, INC., 11413 Isaac  
Newtown Square, Reston, VA 20190; and  
AMERICAN SECURITY PROGRAMS, INC.  
22900 Shaw Road, No. 101-1, Dulles, VA 20166, :

          Defendants. :

---

**06 1382**

**FILED**

AUG - 3 2006

NANCY MAYER WHITTINGTON, CLERK  
U.S. DISTRICT COURT

## DECLARATION OF DONALD CRISWELL

1. My name is Donald Criswell and I am an Investigator for the Washington, D.C., District Office of the Employee Benefits Security Administration ("EBSA"), United States



GOVERNMENT EXHIBIT 1

Department of Labor.

2. I am conducting an investigation of the National Association of Special Police and Security Officers Pension Plan ("Pension Plan") and Health Plan and Trust ("Health Plan") to determine whether there have been any violations of Title I of the Employee Retirement Income Security Act.

3. During the course of my investigation of the Pension Plan and Health Plan of the National Association of Special Police and Security Officers ("NASPSO"), I have interviewed witnesses and reviewed documents, including records and documents showing contributions made by employers participating in the Pension Plan through collective bargaining agreements ("CBAs") with NASPSO. I have reviewed records of NASPSO's Pension Plan account activity and two other NASPSO accounts with the Harbor Bank of Maryland ("Harbor Bank"). My review of the documents and interviews reveals the following facts:

   a. NASPSO is a Washington D.C.- based union that represents security guards in the metropolitan Washington D.C. Area. NASPSO maintains offices at 1101 30th Street NW, Washington D.C., 20020.

   b. Caleb A. Gray-Burriss ("Burriss") is the Executive Director and Secretary/Treasurer of NASPSO and acts on behalf of NASPSO.

   c. There are approximately eight hundred members of the union. NASPSO has current collective bargaining agreements with approximately ten employers.

   d. Burriss established the NASPSO Pension Plan on or about June 2004, and since that time Burriss and NASPSO have been solely responsible for the administration and management of the Pension Plan and its assets. There is no written Pension Plan

2

document.

e. NASPSO opened a Pension Plan account with Harbor Bank on or about June 16, 2004. The Pension Plan account is known as the "National Association of Special Police & Security Officers Pension Fund" (Acct. No. 1100058674).

f. Harbor Bank is a financial institution headquartered in Baltimore, Maryland and has a branch office in Riverdale, Maryland. Harbor Bank is the custodian of the assets belonging to the Pension Plan.

g. Pursuant to the terms of three CBAs that NASPSO has entered into with employers of union-member employees, NASPSO agreed to allow employees to participate in a pension plan. The three employers are SecTek, Inc. ("SecTek"), Deco Security Services, Inc. ("Deco") and Ares Group, Inc. ("Ares"). SecTek, Deco, and Ares agreed to contribute employer pension contributions.

h. The three employers have executed contracts with the federal government under the Service Contract Act. The agreements set the minimum hourly wage rate and fringe benefit rate employers must pay to employees working under federal contract.

i. The employers have also signed CBAs obligating them to pay the Pension Plan a set amount per hour worked. The employers have chosen to pay their required fringe benefit by paying into the Pension Plan.

j. The union member employees are immediately 100% vested in the Pension Plan. In order to make a withdrawal from the Pension Plan, union members employees would notify Burriss and NASPSO of their intention to withdraw their pension assets. Burris has stated that when an employee leaves employment, the employee should send him a withdrawal request in order to receive a pension distribution.

k. Deco began making payments to the Pension Plan in June 2004. SecTek began making payments to the Pension Plan in August 2004. Ares began making payments to the Pension Plan in January 2005. Deco is the sole employer that currently contributes to the Pension Plan.

l. Deco, SecTek, and Ares typically mailed checks to NASPSO on a monthly basis for contribution to the Pension Plan. The employers generally sent the contributions to NASPSO, along with the names of its employees and the contribution amounts for each employee. The pay stubs of the employees reflect the contribution amount forwarded by the employer for the Pension Plan.

m. The checks sent by Deco, SecTek, and Ares were generally made payable directly to the Pension Plan, or alternatively, to NASPSO with the Pension Plan identified as the designated recipient on the memo line of the check.

n. Harbor Bank records reflect that NASPSO and Burriss have deposited $122,635.66 into the Pension Plan account since the inception of the Pension Plan.

o. Harbor Bank records further reflect that since September 2004, Burriss has withdrawn a total of $95,997.73 from the Pension Plan account. There have been twenty-one withdrawals payable to "cash," five to "Caleb A. Gray-Burriss," and eleven payable to NASPSO.

p. There have been a total of eleven checks or transfers directly from the Pension Plan into another account at Harbor Bank. This account is identified as the NASPSO Membership Dues account (Acct. No. 1100058633).

q. On June 22, 2006 and June 26, 2006, I informed Burriss that taking money from the Pension Plan account and depositing it into the Membership dues account constituted

4

a violation of ERISA. He agreed at that time not to take any more withdrawals from the Pension Plan account.

r.  As recently as July 18, 2006, Burriss took money from the Pension Plan and deposited it into the Membership Dues account. Through an internet banking transfer on or about July 18, 2006, Burriss removed $2,500 from the Pension Plan and deposited the money into the NASPSO Membership Dues account.

s.  In addition to the Pension Plan account, Burriss and NASPSO also have discretion and control over the assets of at least one other union-sponsored plan, a health and welfare benefit plan.

t.  Burriss has represented that he has taken assets of the Pension Plan, purchased certificates of deposits with the assets, and that these CDs are currently in the name of the Health Plan. The value of the three CDs amounts to approximately $45,000. The account numbers of these CDs, which are held at Harbor Bank, are as follows: 15035, 15054, and 15061.

u.  On January 1, 2006, Burriss established and became the union trustee of the NASPSO Health Plan and Trust ("Health Plan"). Russell Stephens is the employer trustee. He is president of Security Assurance Management, Inc., which is not a contributing employer. The Health Plan is intended to provide medical benefits for union member employees. NASPSO is responsible for appointing, removing, and monitoring the union trustee of the Health Plan. The Health Plan provides that the union trustee, Burriss, and employer trustee, Russell Stephens, are the committee that runs the Plan. The trustees are to take and hold any contributions to the Plan. The trustees then forward Health Plan contributions to FCE, a third party administrator,

5

for payment of health claims.

v. There are currently two employers which participate in the Health Plan, SecTek and American Security Programs, Inc.

w. The Health Plan is administered by FCE Benefit Administrators, Inc. ("FCE"), a third party administrator headquartered in Burlingame, California. FCE, under the terms of its agreement with NASPSO, performs numerous delineated duties with respect to the administration of the Health Plan.

x. SecTek and American Security generally forward their Health Plan contributions to NASPSO on a monthly basis. NASPSO and Burriss are currently responsible for forwarding the employers' Health Plan contributions to a Health Plan account with Harbor Bank. Burriss transfers assets to FCE for the administration and payment of claims under the Health Plan.

y. The Health Plan account is identified in Harbor Bank account statements as "NASPSO Health and Welfare." (Acct. No. 1100058682). As of July 25, 2006, the Health Plan account balance was $112,142.22.

z. There is no evidence that either the Pension Plan or the Health Plan, or the fiduciaries of the Plans, are bonded.

aa. David Lipkin of Metro Benefits, Inc. is willing to serve as independent fiduciary at the rate of $125.00 per hour. Mr. Lipkin's qualifications/biography is attached hereto as Government Exhibit 2.

4. I declare under penalty of perjury that the foregoing is true and correct to the best of my information and belief.

Executed on  8/3/06

_____
Donald Criswell