# DAVID M. LIPKIN, F.S.A.

## BIOGRAPHY

David M. Lipkin, F.S.A., is the President of Metro Benefits, Inc.  After receiving a B.A. in Mathematics from Hamilton College, David began his career in 1977 with Aetna Life and Casualty.  In 1983, he moved to William M. Mercer, in Pittsburgh, where he served on the Actuarial Committee and acted as Senior Actuary and Consultant to a variety of clients, including a number of Fortune 500 companies.

David founded Metro Benefits, Inc., in 1986.  Metro's commitment to provide clear, comprehensive and worry-free service has made it one of the region's fastest growing companies in the field.

David is actively involved in the profession and has been asked to speak on a variety of topics, including the professional responsibilities of the actuary.  He has published numerous articles in professional publications.  He has been selected by the U.S. Department of Labor to serve as an "Independent Fiduciary" for several orphan/abandoned plans; and was elected in 2005 to the Board of Directors of the American Society of Pension Professionals and Actuaries ("ASPPA").

**FILED**

AUG - 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

06 1382



GOVERNMENT
EXHIBIT

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

-------------------------------------------------------------------

ELAINE L. CHAO,                                   :
SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,  :

                          Plaintiff,                :          Civil Action

    v.                                                           No. _____
                                     :

CALEB A. GRAY-BURRISS, 3838 Carpenter       :
Street SE, Washington DC 20020; NATIONAL
ASSOCIATION OF SPECIAL POLICE                    :
AND SECURITY OFFICERS,
1101 30th Street NW, Washington DC, 20020;     :
NATIONAL ASSOCIATION OF
SPECIAL POLICE                                            :
AND SECURITY OFFICERS PENSION FUND,
1101 30th Street NW, Washington DC, 20020;     :
NATIONAL ASSOCIATION OF
SPECIAL POLICE                                            :
AND SECURITY OFFICERS HEALTH PLAN
AND TRUST,                                                 :
1101 30th Street NW, Washington DC, 20020;
THE HARBOR BANK OF                                  :
MARYLAND, 6820 Riverdale Road,
Riverdale, MD 20737;                                      :
DECO SECURITY SERVICES, 14275 Golf
Course Drive, Suite 250, Baxter, MN 56425;      :
SECTEK, INC., 11413 Isaac
Newtown Square, Reston, VA 20190; and          :
AMERICAN SECURITY PROGRAMS, INC.
22900 Shaw Road, No. 101-1, Dulles, VA 20166,  :

                      Defendants.               :

-------------------------------------------------------------------

06 1382

FILED

AUG - 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### DECLARATION OF DONALD K. NEELY PURSUANT TO LCvR 65.1

My name is Donald K. Neely, and I am a Trial Attorney with the Office of the Regional

Solicitor, Region III, United States Department of Labor.  I am one of the attorneys representing

the plaintiff, the Secretary of Labor, United States Department of Labor, in this action. Pursuant to Local Rule 65.1, I hereby state as follows:

1.    On August 2, 2006 at 3 p.m., I orally notified David Levinson, Esq. counsel for defendant National Association of Special Police & Security Officers ("NASPSO") that on August 3, 2006 the Secretary would be seeking a temporary restraining against defendants Caleb A. Gray-Burriss ("Burriss") and NASPSO as a result of their respective breaches of ERISA. I called Mr. Levinson again at 1:05 pm August 3rd, informed him that the Department intended to file its application for temporary restraining order at approximately 2:30 pm on August 3rd, and faxed the Department's intended filings to him at that time.

2.    At 4:45 pm on August 2, 2006, I left a voicemail with Mr. Burriss informing him same that on August 3, 2006 the Secretary would be seeking a temporary restraining against Mr. Burriss and NASPSO as a result of their respective breaches of ERISA. I called Mr. Burriss again at 1:00 pm August 3rd, informed him that the Department intended to file its application for temporary restraining order at approximately 2:30 pm on August 3rd, and faxed the Department's intended filings to him at that time.

3.    On August 2, 2006 at 2:45 p.m., I orally notified Theodore Hernandez, senior vice president at the Harbor Bank of Maryland that on August 3, 2006 the Secretary would be seeking a temporary restraining order freezing assets of Burriss and NASPSO held at the Harbor Bank of Maryland. I called Mr. Hernandez again at 12:50 pm on August 3rd and left a voicemail informing him that the Department intended to file its application for temporary restraining order at approximately 2:30 pm on August 3rd, and faxed the Department's intended filings to him at that time.

4.      On August 2, 2006 at 2:50 p.m., I orally notified Ann Trinca, general counsel of SecTek, Inc. that on August 3, 2006 the Secretary would be seeking an order requiring SecTek to forward contributions to the Health Plan directly to the third party administrator, FCE. I called Ms. Trinca again at 12:50 pm August 3rd, informed her that the Department intended to file its application for temporary restraining order at approximately 2:30 pm on August 3rd, and faxed the Department's intended filings to her at that time.

5.      On August 2, 2006 at 3:00 p.m., I orally notified Jennifer Reichelt of American Security Programs, Inc. that on August 3, 2006 the Secretary would be seeking an order requiring American Security to forward contributions to the Health Plan directly to the third party administrator, FCE.   On August 3rd, I attempted to call Ms. Reichelt at 12:50 pm, and she was not available. I spoke with her co-worker, Kim Greene, and informed her that the Department intended to file its application for temporary restraining order at approximately 2:30 pm on August 3rd, and faxed the Department's intended filings to Ms. Reichelt's attention at that time.

6.      On August 2, 2006 at 4:30 p.m., I left a voicemail with Andy Pierucki, chief operating officer of Deco Security Services that on August 3, 2006 the Secretary would be seeking an order appointing an independent fiduciary to replace defendants Burriss and NASPSO and that under the proposed order Deco would forward contributions directly to the independent fiduciary. I personally spoke with Mr. Pierucki at 12:55 pm August 3rd, informed him that the Department intended to file its application for temporary restraining order at approximately 2:30 pm on August 3rd, and faxed the Department's intended filings to him at that time.

7.      No further notice should be required by the Court before granting the temporary

restraining order requested by the plaintiff because of the likelihood that the assets of the

defendants Burris and NASPSO will be transferred or depleted, prior to a hearing on

plaintiff's application for preliminary injunction.


Executed on August 3, 2006

Donald K. Neely