IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ELAINE L. CHAO, SECRETARY OF LABOR )
UNITED STATES DEPARTMENT OF LABOR )
)
                Plaintiff      )
)
V.                                           )      Case No. 06-1382 (GK)
)
CALEB A. GRAY-BURRISS, et. al.    )
)
                Defendants   )

ANSWER OF DEFENDANTS RUSSELL A. STEPHENS AND SECURITY
ASSURANCE MANAGEMENT, INC. TO AMENDED COMPLAINT

FIRST DEFENSE

Defendants Russell A. Stephens and Security Assurance Management, Inc., (SAM) (hereafter Defendants) answer the Amended Complains as follows:

> [Note: because of repetition in the number system used by Plaintiff, paragraphs in the "General Allegations" have the prefix letters "GA" and those in the "Violations" sections the prefix letters "VP" for alleged Pension Plan Violations and "VW" for alleged Welfare Plan Violations.]

1. Admit the allegations in paragraphs GA 6, 14, 28, 31.

2. Answer that there was a separate welfare (health) plan limited to Defendant SAM, that Defendant SAM made contributions only for its employees to FCE directly and not to NASPSO, that Defendant Stephens is a trustee of that plan with limited duties and that Defendant Stephens did not need a bond because Co-Trustees were bonded and because he had a security bond. Any allegation indicating a broader plan or other employers or different methods or contribution or wider duties in the Amended Complaint such as GA 9, 29, 30, 32, 35, 38 are denied.

3. Deny paragraphs GA 38, 39, VW 6, 7.

4. Admit the following portions of GA 3 and 7 which refer to Defendant Burris as an officer of NASPSO and GA 31 (provide health benefits to Defendant SAM's employees) but is without knowledge and information to form a basis of the truth as to the remaining parts of these paragraphs and therefore they are denied.

5. Deny that portion of Paragraphs VW 1-5 as it relates to Defendant Stephens and is without knowledge and information as to the truthfulness of the remainder of these paragraphs and therefore they are denied.

6. Answer that they are without knowledge or information to form a basis of the truth of the allegations in paragraphs GA 8, 12-13, 15-27, 33, 34, 36, 37, VI-6, on that basis Defendants deny the allegations of these paragraphs.

7. Answer that Paragraphs GA 1, 2, 4, 5, 10, 11 states legal conclusions for which no answer is required.

8. Unless otherwise specifically admitted, all paragraphs in the Amended Complaint are denied.

9. As to the Plaintiff's Prayer for Relief, Defendants request:

   a. That the Amended Complaint be dismissed as to Defendants Stephens and SAM.

   b. That judgment be entered for Defendants Stephens and SAM and against Plaintiff.

   c. That Defendants be awarded costs and reasonable attorney fees.

   d. That Defendants be granted any and all relief to which they may be entitled.

### SECOND DEFENSE

The Amended Complaint Fails to State a Claim Upon Which Relief Can Be Granted

### THIRD DEFENSE

At all relevant times, Defendants acted in good faith in interpreting and administering the Health Plan as they understood it and did not directly or indirectly induce or participate in any acts which are alleged to constitute a violation of ERISA.

## FOURTH DEFENSE

To the extent that the acts or conduct are alleged to constitute fraud by any Defendants, Plaintiff has failed to set forth the particulars including detrimental reliance as required by FRCP Rule 9 (b).

## FIFTH DEFENSE

Plaintiff has failed to allege that Defendant SAM attempted to coerce, intimidate or interfere with the Trustees of the Health Plan for which future relief is sought by Plaintiff.

## SIXTH DEFENSE

Insofar as Plaintiff asserts liability of Defendants Stephens and SAM on the basis of Section 405 (a) (2), 29 USC 1105 (a)(2), Plaintiff has failed to allege actual knowledge of the alleged breaches by Defendant NASPSO and Gray-Burriss. Plaintiff has also failed to allege that any diversion of funds by Defendants NASPSO and Gray-Burriss were out of any contributions made by Defendants Stephens and SAM.

## SEVENTH DEFENSE

Plaintiff has failed to allege any causal connection between acts, omissions, alleged misconduct or participation in alleged misconduct by Defendants Stephens and SAM Inc. and any alleged acts, omissions or misconduct of Defendants NASPSO and Gray-Burris which are alleged to be violations of ERISA or which are alleged to have caused losses to the Health Plan, its beneficiaries or participants.

## EIGHTH DEFENSE

As to an alleged violations of Section 406 (a)(1)(D) and 406 (b)(2), 29 USC 1106 (a)(1)(D) and (b)(2), Plaintiff has failed to allege actual knowledge by a party in interest of these violations.

## NINTH DEFENSE

Plaintiff is equitably estopped from taking any action against Defendants Stephens and SAM since Plaintiff was fully aware of Defendants' role in the Health Plan but acted negligently or willfully in not informing them that they should be performing differently as to the Health Plan's administration. Also, when Defendant Stephens informed Plaintiff that he was willing to resign as Trustee, Plaintiff never got back to him even though it stated it would do so.

## TENTH DEFENSE

Defendants Stephens and SAM cannot be charged with violating ERISA as a fiduciary for any act, omission or misconduct occurring prior to March 17, 2006.

## ELEVENTH DEFENSE

Plaintiff has failed to allege that a valid collective bargaining agreement existed between Defendant NASPSO and Defendant SAM which required contributions to a NASPSO-sponsored Health Plan.

## TWELFTH DEFENSE

Defendant SAM was not obligated to make contributions to a NASPSO-sponsored Health Plan due to fraud or mistake in the execution of its collective bargaining agreement going to the basic nature of the NASPSO-sponsored Health Plan documents.

Respectfully submitted,

*Robert J. Hickey*

4

Robert J. Hickey
Law Office of Robert Hickey
1050 17th Street NW, Suite 700
Washington, DC 20036
Telephone: (202) 659-0536
Fax: (202) 659-0537
Bar No. 42341
Attorney for Defendants
Russell A. Stephens and
Security Assurance Management, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer of Defendant's Russell A. Stephens and Security assurance Management, Inc. to Amended Complaint was served on the following persons indicated below on February 27, 2007.

Donald K. Neely, Esq.
U.S. Department of Labor
Solicitor's Office
The Curtis Center, Suite 630 East
Philadelphia, PA 19106

Caleb A. Gray-Burriss
3838 Carpenter Street SE
Washington, DC 20020

National Association of Special Police and Security Officers
1101 30th Street NW
Washington DC 20020

National Association of Special Police and Security Officers
Pension Fund
1101 30th Street NW
Washington DC 20020

National Association of Special Police and Security Officers
Health Plan and Trust
1101 30th Street NW
Washington DC 20020

The Harbor Bank of Maryland
6820 Riverdale Road
Riverdale, MD 20737

Deco Security Services
14275 Golf Course Drive, Suite 250
Baxter, MN 56425

Sectek, Inc.
11413 Isaac Newtown Square
Reston, VA 20190

American Security Programs, Inc.
22900 Shaw Road, No. 101-1
Dulles, VA 20166

_Robert J. Hickey_
Robert J. Hickey  2/27/07

6