IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ELAINE L. CHAO, SECRETARY OF LABOR )
UNITED STATES DEPARTMENT OF LABOR )
                                               Plaintiff

V.                                                  Case No. 06-1382 (GK)

CALEB A. GRAY-BURRISS, et. al.

                                             Defendants

### MOTION OF DEFENDANTS RUSSELL A. STEPHENS AND SECURITY ASSURANCE MANAGEMENT, INC. TO SEVER CERTAIN CLAIMS OF PLAINTIFF

Defendants Russell A. Stephens and Security Assurance Management, Inc. (SAM), (hereafter Defendants), move to sever certain portions of the Amended Complaint that was served on them on February 8, 2007 and February 9, 2007. In support of the Motion, Defendants state as follows:

### STATEMENT OF POINTS AND AUTHORITIES

### 1. ALL PORTIONS OF THE AMENDED COMPLAINT RELATING TO A PENSION PLAN MAINTAINED BY DEFENDANT NASPSO SHOULD BE SEVERED.

In the Amended Complaint, Plaintiff claims violations by the National Association of Special Policy and Security Officers (NASPSO) in regard to two separate employee benefits plans sponsored by NASPSO. These are a Pension Plan and a Health Plan. The acts and violations relating to each Plan are set forth separately in the Amended Complaint. For example, [1] paragraphs GA 14-28 (pages 5-7) and VP 1-6 (pages 9-10) are devoted to the

---

[1] Because of repetition in the number system used by Plaintiff, paragraphs in the "General Allegations" have the prefix letters "GA" and those in the "Violations" sections have the prefix letters "VP" for alleged Pension Plan violations and "VW" for alleged Welfare Plan violations.

Plan, whereas paragraphs GA 28-39 (pages 7-9) and VW 1-7 ((pages 10-12) relate to the Health Plan. There is nothing in any of the Pension Plan sections relating to Defendants Stephens and SAM. Neither of these Defendants are participants in the Pension Plan and have no knowledge of its operations and or the acts of which Plaintiff complains. Defendant SAM is a small, minority business and cannot afford to be drawn into lengthy pension litigation which might force it into bankruptcy.

This District Court under FRCP Rule 21 has the discretion to sever unrelated claims and afford them separate treatment. American Fidelity Fire Ins Co. v. Construcciones Werl, Inc. 407 F Supp 164 (DVI 1975). Defendants Stephens and SAM have clearly been misjoined as to Plaintiff claims relating to NASPSO Pension Plan. The issues as to the two Plans are sufficiently dissimilar to warrant their severance. Dow Corning Corp. v. Surgetek, Inc. 61 FRD 578, (D Wis 1973). Because the facts relating to the Pension Plan do not arise out of the same transactions or occurrences or series of transactions or occurrences involved with the Health Plan, the court must find that severance of these claims is appropriate. Given that Defendants Stephens and SAM are not alleged to have committed any violation in regard to the Pension Plan, they could not be held liable under any averment in the Amended Complaint and those sections of the Amended Complaint would have to be dismissed as to them. To keep Defendants in this case involves the risk of prejudice against them in that wrongdoing in the Pension Plan might be attributed to them even though they are not parties to the Pension Plan. They would be also prejudiced by the delay in having the unfounded Health Plan claims against them heard and resolved.

## 2. ALL PORTIONS OF THE AMENDED COMPLAINT RELATING TO THE HEALTH PLANS SPONSORED BY DEFENDANT NASPSO AND DEFENDANTS SECTEK, INC. AND AMERICAN SECURITY PROGRAMS INC SHOULD BE SEVERED.

In its Amended Complaint, pages 5, 8, paragraphs 13, 30 32, Plaintiff alleged that Defendants Sectek, Inc, American Security Programs, Inc. and Security Assurance Management, Inc. (SAM) participated and contributed to the NASPSO-sponsored Health Plan. Until the Amended Complaint was served on them, Defendants Stephens and SAM were unaware of SecTek and American Security Programs participating in the same plan with them. There is nothing in the Amended Complaint to indicate otherwise or support any relationship between these Defendants. Further, the operation of the NASPSO-sponsored Health Plan differs among these Defendants. Paragraphs 32 and 35 of the Amended Complaint refer to Defendants making contributions to NASPSO on a monthly basis; Defendant Burriss then forwards the contributions to a Health Plan account into Defendant Harbor Bank; and then forwards the assets to the Plan Administrator, FCE. Apparently, the alleged violations of ERISA which Plaintiff has set forth on page 9, paragraphs 36 and 37 arise out of these transactions.

The problem is that this process was not used by Defendants SAM and Stephens. Instead, these Defendants transferred contributions directly to the Plan Administrator, FCE. Defendants' Answer First Defense, paragraph 2. Thus, the alleged violations cited in paragraph 36 and 37 could not occur with regard to contributions transfers made by Defendants SAM and Stephens. Most importantly, Plaintiff was fully aware of these facts

since Defendant Stephens forwarded copies of SAM's checks to the Health Plan which were sent to FCE to Plaintiff's investigator. Also, Plaintiff was fully aware that Defendants SAM and Stephens believed that their Health Plan obligations involved only themselves and no other employers, having been told this by Defendant Stephens. At no time did Plaintiff inform Defendants that their view of their obligations was incorrect or that they should perform differently. Finally, Defendants SAM and Stephens have no knowledge of how contributions were transferred by Defendants Sectek and American Security Programs, how Defendant Harbor Bank of Maryland handled monies for Defendants Sectek and American Programs or how Defendants Gray-Burriss or NASPSO handled monies for those Defendants or for Defendant Harbor Bank's Account. There would be no reason for Defendants SAM and Stephens to know any of this since SAM contributions were directly sent to FCE, a fact which was fully known to Plaintiff and which is not disputed in the Amended Complaint.

Because the facts relating to Defendants Sectek and American Security Programs involvement in a NASPSO-sponsored Health Plan do not arise out of the same transactions and occurrences or series of transactions or occurrences that are alleged as to Defendants SAM and Stephens, the Court must find that severance of these claims are warranted. Again to drag Defendants SAM and Stephens into this litigation over the transfer and deposit of money to which it is not involved and to which it has no knowledge is unfair and costly and would serve no legitimate purpose. On this basis, Defendants SAM and Stephens should be severed from the other Defendants where funds were transferred

differently and which might have contributed to misuse of money transferred in that manner.[2]

## CONCLUSION

1. Plaintiff's claims as they relate to the NASPSO-sponsored Pension Plan should be severed from any complaint against Defendants SAM and Stephens relating to a NASPSO-sponsored Health Plan.

2. Plaintiff's Amended Complaint should be further amended to exclude any allegations against Defendants SAM and Stephens as they relate to Defendant Sectek and American Security Programs transfer of their contributions to the NASPSO-sponsored Health Plan and that a new Complaint against Defendants Stephens and SAM should be issued if the Plaintiff seeks to proceed against them.

Respectfully submitted,

*Robert J. Hickey*

Robert J. Hickey
Law Office of Robert Hickey
1050 17th Street NW, Suite 700
Washington, DC 20036
Telephone: (202) 659-0536
Fax: (202) 659-0537
Bar No. 42341
Attorney for Defendants

---

[2] This would leave Plaintiff's allegations on page 12, paragraph 7 that "NASPSO, Burriss and Stephens failed to bond every fiduciary and every person who handles funds...." Nowhere in the Amended Complaint is there any indication of who these individuals were, who were allegedly not bonded and/or what their connection with Defendants Sectek and American Security Management is. Absent any alleged connection, severance of those Defendants would not cause any litigation problems. Further as stated in Defendants' SAM and Stephens's Answer, pages 2 First Defense, paragraph 2, a bond was not necessary because the Co-Trustees were bonded.

Russell A. Stephens and
Security Assurance Management, Inc.

6

LCvR 7 (m)

The attorney for Defendants Russell Stephens and Security Assurance Management Inc, Robert J. Hickey, has discussed with Plaintiff, Richard Buchanan, his Motion to Sever on February 26, 2007 who would not consent to this Motion at this time.

*Robert J. Hickey*

Robert J. Hickey

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion of Defendants Russell A. Stephens and Security Assurance Management, Inc. to Sever Certain Claims of Plaintiff was served on the following persons indicated below on __February 27__, 2007.

Donald K. Neely, Esq.
U.S. Department of Labor
Solicitor's Office
The Curtis Center, Suite 630 East
Philadelphia, PA 19106

Caleb A. Gray-Burriss
3838 Carpenter Street SE
Washington, DC 20020

National Association of Special Police and Security Officers
1101 30th Street NW
Washington DC 20020

National Association of Special Police and Security Officers
Pension Fund
1101 30th Street NW
Washington DC 20020

National Association of Special Police and Security Officers
Health Plan and Trust
1101 30th Street NW
Washington DC 20020

The Harbor Bank of Maryland
6820 Riverdale Road
Riverdale, MD 20737

Deco Security Services
14275 Golf Course Drive, Suite 250
Baxter, MN 56425

Sectek, Inc.
11413 Isaac Newtown Square
Reston, VA 20190

American Security Programs, Inc.
22900 Shaw Road, No. 101-1
Dulles, VA 20166

_Robert J. Hickey_
Robert J. Hickey  2/27/07