IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ELAINE L. CHAO, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action |
| CALEB A. GRAY-BURRISS, et al., | ) ) ) | No. 06-1382 (GK) |
| Defendants. | ) ) ) | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION OF DEFENDANTS RUSSELL A. STEPHENS AND SECURITY ASSURANCE MANAGEMENT, INC. TO SEVER CERTAIN CLAIMS OF PLAINTIFF

Plaintiff, Secretary of Labor, United States Department of Labor ("Plaintiff," "Department"), through her undersigned counsel, hereby opposes the Motion of defendants Russell A. Stephens ("Stephens") and Security Assurance Management, Inc. ("Security Assurance") to sever certain claims of Plaintiff.  In support thereof, Plaintiff respectfully responds as follows:

I.     Background

The gravamen of Plaintiff's allegations in her Amended Complaint is that Defendants Burriss, NASPSO, and Stephens breached their duties under ERISA with respect to the NASPSO Health Plan.  The Amended Complaint also alleges that Burriss and NASPSO breached their fiduciary duties with respect to the NASPSO Pension Plan.   The alleged fiduciary breaches involving these Plans stems from the fact that Burriss was able to make unauthorized withdrawals from both the Pension Plan and the Health Plan.  In short, the violative conduct of Burriss and NASPSO is essentially the same with respect to both the Pension Plan and Health

Plan. Plaintiff seeks, *inter alia*, the restoration of assets to these two Plans. Stephens, who was only added as a defendant when the Complaint was amended, is the Employer Trustee of the Health Plan, and is an ERISA fiduciary who, *inter alia*, was entrusted with the duty to monitor the Health Plan. The remaining defendants, including American Security, are not principal defendants but instead are defendants who are either joined pursuant to Rule 19 of the Federal Rules of Civil Procedure or who are Plan defendants.

II.     The Health Plan allegations are not sufficiently distinct from the Pension Plan allegations to warrant severance

Federal Rule of Civil Procedure 21 permits the severance of claims that are "logically distinct." *Aiello v. Kingston*, 947 F.2d 834, 835 (7th Cir. 1991). As the allegations of the Amended Complaint reveal, the Pension Plan and Health Plan allegations are not distinct but instead allege that defendants Burriss and NASPSO committed virtually identical fiduciary breaches of ERISA with respect to both the NASPSO Pension Plan and NASPSO Health Plan. Although the Department added Stephens as a defendant in the Amended Complaint, alleging that Stephens committed fiduciary breaches as a Trustee of the Health Plan, the addition of Stephens as a defendant does not render the Health Plan allegations a "distinct" action. Stephens failed in his duty to monitor the Health Plan, thus allowing Burriss to make unauthorized withdrawals from the Plan. The allegations involving Stephens are intertwined with the allegations involving Burriss and NASPSO, and cannot reasonably be construed as "distinct." In fact, the only significant difference between the allegations regarding each of the Plans is that Stephens' obligation, as Trustee, was only to the Health Plan, and not to the Pension Plan. The fact that Stephens is alleged to have only committed breaches with respect to the Health Plan does not warrant a finding that the Health Plan allegations are sufficiently distinct to warrant severance.

III.    Severance is neither Economical nor Convenient

While defendants Stephens and Security Assurance refer to the case of *Dow Corning Corp. v. Surgetek, Inc.*, 61 FRD 578 (D. Wis. 1973), to support their motion to sever, defendants' motion does not address the economy or convenience of severance as applied to *all* of the parties and to the Court, but instead merely addresses the alleged inconveniences and burdens placed upon Stephens and Security Assurance. While the court granted a motion to sever in the *Dow Corning* case, the Court's decision turned on whether the issues were so dissimilar as "to make severance a benefit to the court and the parties in terms of economy and convenience." *Id.* At 580. It does not appear that severing the Health Plan allegations from the Pension Plan allegations would be economical or convenient to the Court or to the parties. Severing the Health Plan case from the Pension Plan case would result in a needless waste of the Court's resources and the parties' resources as all of the principal parties in the Pension Plan matter (i.e., Burriss, NASPSO, and Plaintiff) would have a second set of Court obligations with respect to the Health Plan matter. In short, the Court, Burriss, NASPSO, and Plaintiff would have the additional burden of a second set of commitments and proceedings if the matter is severed. Further, it does not appear that it would be unfair to defendant Stephens to be joined with the Pension Plan litigation as he would seemingly have the same amount of Court obligations irrespective of whether the case was severed or not. Given that all of the principal Pension Plan defendants are also Health Plan defendants, and the issues of similar, alleged fiduciary breaches are common with respect to both Plans, Plaintiff contends there is no sound basis for severing this matter.

IV.    Conclusion

If the Court entertains the notion of severing the Pension Plan allegations from the Health Plan allegations, Plaintiff respectfully submits that the appropriate mechanism would be to order separate trials pursuant to Fed. R. Civ. P. 20(b) or 42(b).  However, given the procedural posture of this case and that not all defendants have even filed answers to the Amended Complaint to date, Plaintiff respectfully asserts that such a determination is premature.

Wherefore, for all the foregoing reasons, Plaintiff respectfully request that the Motion of defendants Russell A. Stephens and Security Assurance Management, Inc. ("Security Assurance") to sever certain claims of Plaintiff be DENIED.

Respectfully submitted,

Jonathan L. Snare
Acting Solicitor of Labor


Catherine Oliver Murphy
Regional Solicitor
Office of the Solicitor
U.S. Department of Labor
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106-3306
(215) 861-5139

Donald K. Neely
Attorney

Attorneys for Plaintiff