IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ELAINE L. CHAO, SECRETARY OF LABOR )
UNITED STATES DEPARTMENT OF LABOR )
)
                Plaintiff )
)
V. )    Civil Action
)    No. 06-1382(GK)
)
CALEB A. GRAY-BURRISS, et. al. )
)
                Defendants )

**DEFENDANTS RUSSELL A. STEPHENS AND SECURITY ASSURANCE MANAGEMENT, INC. REPLY TO PLAINTIFF'S OPPOSITION TO THEIR MOTION TO SEVER CERTAIN CLAIMS OF PLAINTIFF**

On February 27, 2007, Defendants filed their Motion to Sever to which Plaintiff filed its Opposition on March 9, 2007. Defendants file their Reply to Plaintiff's Opposition and state as follows:

**I. ALL PORTIONS OF THE AMENDED COMPLAINT RELATING TO A PENSION PLAN MAINTAINED BY NASPSO SHOULD BE SEVERED.**

As stated in their Motion, Plaintiff in its Amended Complaint has claimed separate and distinct violations involving two employee benefit plans maintained by Defendant NASPSO. The distinctions of the violation are evident from the structure of Plaintiff's Amended Complaint itself, i.e. paragraph[1] GA 14-28 (pages 5-7) and VP 106 (pages 9-10) are devoted to NASPSO-sponsored Pension Plan. **There is nothing in any of these paragraphs relating to NASPSO-sponsored Health Plan or to Defendants Stephens and SAM, Inc.** Plaintiff does not dispute that neither of these Defendants were participants in the Pension Plan or have any knowledge of its operations or of the acts, which Plaintiff

complains, violate the Pension Plan. In fact, on page 2, Plaintiff concedes that any alleged obligation that Defendant Stephens had " **was only to the Health Plan and not to the Pension Plan."**

Despite this, Plaintiff argues against severance of the Pension Plan from the Health Plan claims on two basis addressed below:

A. **Claims Involving the Two Plans are Sufficiently Distinct.** Plaintiff's initial argument on its claim of lack of distinction ignores the reality of its own pleading. As noted above, the entire structure of Plaintiff's Amended Complaint is to treat the Pension Plan and the violations relating to it as totally distinct from the Health Plan and its alleged violations relating to it. While Plaintiff's Opposition uses conclusionary language such as "virtually identical," there are no facts stated to support this conclusion. There is nothing to show that any action by Defendant Stephens as to the Health Plan were intertwined with the Pension Plan. In fact, Plaintiff's claim against Defendant Stephens is that he allegedly did not "monitor" the actions of Defendant Burriss as to the Health Plan. There could be no similar allegation or claim that Defendant Stephen did not monitor the Pension Plan since he was not a participant in it and had no obligation toward it. Here, Defendant Stephens's Answer to the Amended Complaint and particularly his Defenses raise issues as to the Health Plan distinct from that of the Pension Plan. Moreover, Plaintiff was fully aware of Defendant action and never advised him of any wrongdoing on his part. Finally, since Defendant Stephens made his contributions directly to the Health Plan Administrator, there is no way he could have authorized or participated in any alleged improper withdrawals by Defendant

---

[1] Because of the repetition in the number system used by Plaintiff, paragraphs in the "General Allegation" have the prefix letters GA, VP is used for paragraphs involving Pension Plan

2

Burriss from the Health Plan (let alone for the Pension Plan from which he was not a participant).

**B. Severance is both economical and convenient to all Parties.**

In the present case, Defendants have shown, by affidavit, how they will be prejudiced and hurt if severance does not occur. First, they will be prejudiced by delay in having their own case heard. Defendants filed their Answer and Defenses on February 27, 2007, Plaintiff conceded on page 4 of its Opposition that none of the other Defendants have filed an Answer. Plaintiff has been involved in settlement negotiations for several months involving the issues in the Pension Plan litigation, whereas no such negotiations have even begun as to the Health Plan. Also, unlike the Pension Plan, the issues is the Health Plan litigation as they relate to these Defendants SAM and Stephens are totally different from anything in the Pension Plan litigation.

Specifically, Plaintiff's claim is that Defendants SAM and Stephens "failure to monitor the Health Plan", allowed Burriss to make unauthorized withdrawal from the Plan. (Opposition page 2). What Plaintiff fails to dispute is what actually occurred and set forth in their sworn statements on pages 3 and 4 of Defendants' Motion. Prior to receiving the Amended Complaint, Defendants believed that they were the **sole** participant in the Health Plan. Because they made their contribution directly to the Health Plan Administrator, there existed no way that Defendants Burriss and NASPSO could have withdrawn these contributions from the Plan. None of this is disputed by Plaintiff. Instead what Plaintiff is claiming is that unknown to Defendants SAM and Stephens, Defendants Burriss and NASPSO permitted other employers to participate in the Health Plan and it is those

---

violations and VW for Welfare Health) Plan violations.

3

contributions of other employers from which Defendants Burriss and NASPSO are alleged to have been improperly withdrawn. There is no similar issue as to the Pension Plan.

What is worse is that Plaintiff does not dispute that it was fully aware of the true facts but proceeded with its filing of the instant erroneous Amended Complaint against Defendants SAM and Stephens. These, and related issues, are set forth in Defendants Answer and Defenses. All of this will have to be resolved separately if Plaintiff pursued this meritless litigation. Not only are there a "second set" of obligations, they would remain even if severance did not take place and they would have to be resolved separately with separate witnesses and documents.

There can be no doubt that in these circumstances Defendants SAM and Stephens will be prejudiced by the delay in having the claims against them being heard expediously. Additionally, they will be prejudiced by being forced to participate in a multi-defendant proceeding involving the Pension Plan. Defendants have pointed out that they, as small minority contractor, cannot afford to participate in a lengthy multiparty litigation and any lengthy proceeding, could force them into bankruptcy (Motion, page 2). Plaintiff presents no facts, let alone facts which have been sworn to, which disputes what defendants are asserting. In the absence of such facts, Plaintiff presents only its assumptions of what **might** happen. Thus, on page 3 of its Opposition, Plaintiff conveys its unfounded beliefs with language such as "it does not appear" and "would similarly" but does not provide sworn-to facts which would support these assumptions.

Nor does Plaintiff support its conclusion that there would be an inconvenience and burden placed on other Defendants if severance did occur. From what facts that are given, just the

4

opposite is the case. Because the facts regarding the violations of two Plans are at different stages, the litigation involving the Pension Plan would be slowed down if it has to await the separate issues involving the Health Plan being heard. The Pension Plan Defendants would be force to file pleadings and participate in Health Plan proceeding to which it has no interest. Thus, severance will prevent delay, inconvenience and additional expenses for **all** Defendants, not just Defendants SAM and Stephens. Since the alleged violations do not arise out of the same transaction, their severance does not give rise to any added burden to the Plaintiff.

What is involved here are two separate and distinct violations which required separate witnesses and facts with separate burdens of proof. Defendants Stephens and SAM must have the opportunity to present their Defenses which will clearly show no wrongdoing on their part. The only argument implied form Plaintiff's Opposition is that if it can establish wrongdoing on behalf of Defendant NASPSO and Burriss on the Pension Plan, the Court should also find on different facts and different parties the same wrongdoing as to the Health Plan. In so doing, Defendants Stephens and SAM right to a fair trial will be extremely prejudiced.

**II. ALL PORTIONS OF THE AMENDED COMPLAINT RELATING TO THE HEALTH PLAN SPONSORED BY DEFENDANTS NASPSO AND DEFENDANTS SECTEK INC. AND AMERICAL SECURITY PROGRAMS SHOULD BE SEVERED.**

Since Plaintiff did not present any Opposition to this, severance should be granted.

## CONCLUSION

1. For all reasons set forth above and in their original Motion, Plaintiff's claims as they relate to NASPSO-sponsored Pension Plan should be severed from the Amended Complaint against Defendants SAM and Stephens relating to NASPSO-sponsored Health Plan.

2. For the same reasons and also because no Opposition was filed by Plaintiff, these portions of Plaintiff's Amended Complain relating to NASPSO-sponsored Health Plan and Defendants Sectek, Inc. and American Security Programs, Inc. should be severed.[2]

Respectfully submitted,

*Robert J. Hickey*

Robert J. Hickey
Law Office of Robert Hickey
1050 17th Street NW, Suite 700
Washington, DC 20036
Telephone: (202) 659-0536
Fax: (202) 659-0537
Bar No. 42341
Attorney for Defendants
Russell A. Stephens and
Security Assurance Management, Inc.

---

[2] Plaintiff's proposal for separate trials on page 4 of its Opposition is inappropriate. Here Plaintiff does not identify any common fact or law which would result in one judgment. The facts as set forth in the Amended Complaint clearly show separate factual and legal issues, which warrant separate judgments as to the Pension and Health Plans alleged violations. Morriss v. Northrup Grumman Corp. 37 F Supp 2d 556,580-581 (E.D. NY 1999)

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Reply of Defendant's Russell A. Stephens and Security Assurance Management, Inc. to Plaintiff's Response in Opposition to Motion to Sever was served on the following persons indicated below on March 15, 2007.

Donald K. Neely, Esq.
U.S. Department of Labor
Solicitor's Office
The Curtis Center, Suite 630 East
Philadelphia, PA 19106

Caleb A. Gray-Burriss
3838 Carpenter Street SE
Washington, DC 20020

National Association of Special Police and Security Officers
Pension Fund
1101 30th Street NW
Washington DC 20020

David K. Levinson, Attorney for NASPSO
Levinson Law Office
1320 19th Street, Suite 60
Washington DC 20036

National Association of Special Police and Security Officers
Health Plan and Trust
1101 30th Street NW
Washington DC 20020

The Harbor Bank of Maryland
6820 Riverdale Road
Riverdale, MD 20737

Deco Security Services
14275 Golf Course Drive, Suite 250
Baxter, MN 56425

Sectek, Inc.
11413 Isaac Newtown Square
Reston, VA 20190

American Security Programs, Inc.
22900 Shaw Road, No. 101-1
Dulles, VA 20166

Robert J. Hickey