IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ELAINE L. CHAO, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action |
| CALEB A. GRAY-BURRISS, et al., | ) ) ) | No. 06-1382 (GK) |
| Defendants. | ) ) ) | |

## CONSENT JUDGMENT OF
## NATIONAL ASSOCIATION OF SPECIAL POLICE AND SECURITY OFFICERS

Plaintiff, Secretary of Labor, United States Department of Labor ("Secretary"), has filed

a Complaint in this action pursuant to the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. § 1001 *et seq.*, alleging certain violations by the above-captioned

defendants, including defendant National Association of Special Police and Security Officers

("NASPSO").

Plaintiff, Secretary of Labor, United States Department of Labor, through counsel, has

engaged in settlement discussions with NASPSO's counsel. The parties have agreed to resolve

this case without further litigation. NASPSO consents to the entry of this Consent Judgment

against it by this Court, the terms of which are set forth herein:

1.      The Secretary's Complaint alleges that defendant NASPSO violated Sections 403, 404,

406 and 412 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§

1103, 1104, 1106, and 1112 with respect to both the NASPSO Pension Plan ("Pension Plan")

and the NASPSO Health Plan and Trust ("Health Plan") (collectively, "Plans").

2.    For purposes of this Consent Judgment, defendant NASPSO admits that the Court has jurisdiction over it and the subject matter of this action.

3.    The Secretary has agreed to resolve all claims against defendant NASPSO for payment to the Plans and other equitable relief set forth below:

      a.    Defendant NASPSO shall restore $101,999.00 to the Pension Plan, and prejudgment interest calculated through April 1, 2007.

      b.    Defendant NASPSO agrees that it will not object to the renaming and/or retitling of three mistitled certificates of deposit with the Harbor Bank of Maryland (Acct. Nos. 15025, 15054 and 15061), currently in the name of the Health Plan and/or NASPSO, to the Pension Plan, upon further Order of the Court. NASPSO agrees that it will cooperate in the renaming/retitling process.

      c.    Defendant NASPSO agrees that it will not object to the permanent appointment of Metro Benefits, Inc. as the independent fiduciary of the Pension Plan with plenary authority over Pension Plan administration, management and the disposition of Pension Plan assets, including termination of the Pension Plan.

      d.    Defendant NASPSO shall restore $13,196.61 to the Health Plan, an amount that includes prejudgment interest calculated through April 1, 2007.

      e.    Defendant NASPSO shall restore post-judgment interest to the Plans consistent with the Court's post-judgment interest rate on the date this consent judgment is entered by the Court.

2

f.    Defendant NASPSO agrees that it will not object to the unfreezing of the

Health Plan Account at the Harbor Bank of Maryland (Acct. No.

1100058682) when Plaintiff notifies the Court that an Employer Trustee

and Union Trustee have been appointed to the Health Plan.

g.    Defendant NASPSO agrees that it will not object to the unfreezing of the

Pension Plan Account (Acct. No. 1100058674), Union Dues Account

(Acct. No. 1100058633), and three certificates of deposit (Acct. Nos.

15035, 15054, and 15061) at the Harbor Bank of Maryland following the

final disposition of the case against the remaining defendants.

4.    The Secretary and NASPSO understand and agree that entry of this Consent Judgment is

without prejudice to the Secretary's right to investigate and redress violations of ERISA, if any,

not alleged in the Complaint, including the Secretary's right to institute future enforcement

actions with respect to any other such matter.  It is further understood that this paragraph shall

not constitute a waiver by NASPSO of any defenses, legal or equitable, to any such future action.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that:

a.    This Court has jurisdiction over this action and defendant NASPSO.

b.    Defendant NASPSO shall restore to the Pension Plan and the

Health Plan the amount of $115,195.61, plus post-judgment interest from the date of

entry of the consent judgment.  The payments by NASPSO to the Plans shall be made as

specified herein.  In the event that defendant NASPSO fails to make an installment

payment within ten days of the due date as specified herein, the entire balance shall

become due and payable immediately.  Defendant NASPSO may not pay less than the

3

payment amount set forth below for any given payment, but NASPSO may accelerate payments to the Plans by making payments in excess of the payment amount.

     c.     Defendant NASPSO shall make restitution to the Pension Plan by making payment to the independent fiduciary of the Pension Plan in the manner set forth below. All pre-judgment interest will be paid for by NASPSO in its first payment.

| Payment No. | Payment Amount | Payment Due Date |
|---|---|---|
| No. 1 | $8,000.00 | Ten days following the entry of the Consent Judgment of NASPSO |
| No. 2 | $1,600.00 | May 1, 2007 |

Payment No. 3 , in the amount of $1,600.00, shall be due on June 1, 2007. NASPSO shall continue to make payments of $1,600.00, due by the first day of the month on each subsequent month thereafter, until the entire amount owed to the Pension Plan, plus post-judgment interest and the fees of the independent fiduciary, have been paid.

     d.     Defendant NASPSO shall make restitution to the Health Plan by forwarding payment to the Health Plan's Account at the Harbor Bank of Maryland (Acct. No. 1100058682) until such time as the new Trustees of the Health Plan determine that payments to the Health Plan be directed elsewhere. All pre-judgment interest will be paid for by NASPSO in its first payment. NASPSO shall provide proof of each payment to the Health Plan to the United States Department of Labor, Employee Benefits Security Administration, Washington District Office, 1335 East-West Highway, Suite 200, Silver Spring, Maryland, 20910-3225.

| Payment No. | Payment Amount | Payment Due Date |
|---|---|---|
| No. 1 | $2,000.00 | Ten days following the entry of the Consent Judgment of NASPSO |

4

No. 2                          $400.00                       May 1, 2007

Payment No. 3, in the amount of $400.00, shall be due on June 1, 2007. NASPSO shall

continue to make payments of $400.00, due by the first day of the month on each subsequent

month thereafter, until the entire amount owed to the Health Plan, plus post-judgment interest,

has been restored.

e.       To the extent that other defendants make payments to either the Pension

Plan or the Health Plan, the amount and/or number of payments required by defendant NASPSO

shall be reduced accordingly. The Secretary shall notify defendant NASPSO if its payment

obligations are subsequently reduced.

f.       The Secretary shall assess a penalty against the defendant of 20 percent of

the applicable recovery amount pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l). The applicable

recovery amount is the amount restored to the Plans by defendant NASPSO, which includes

reimbursement to the Pension Plan for the cost of the independent fiduciary but not the amount

of the certificates of deposit. If defendant NASPSO, which has applied for a waiver to reduce or

eliminate the penalty amount pursuant to ERISA § 502(l)(3), 29 U.S.C. § 1132(l)(3), has its

waiver denied or reduced by the Secretary, defendant NASPSO shall pay the penalty amount

within ten days of the date of the Secretary's denial of the waiver or reduction of the payment

amount.

g.       Within five days following the entry of consent judgment, Defendant

NASPSO shall notify Defendant Burriss in writing that NASPSO shall never appoint Burriss to a

position of fiduciary involvement with respect to the NASPSO Pension Plan and the NASPSO

Health Plan and shall ensure that Defendant Burriss does not serve as trustee, fiduciary, advisor,

or administrator to any employee benefit plan covered by ERISA and sponsored in whole, or in

5

part, by NASPSO, or that Burriss ever serves in any capacity that involves decision-making authority or custody or control of the moneys, funds, assets, or property of any employee benefit plan covered by ERISA and sponsored in whole, or in part, by NASPSO.

       h.      Within fourteen days following entry of this consent judgment, NASPSO shall hold a meeting of its Board of Directors in order to appoint a new Union Trustee of the Health Plan. NASPSO shall ensure that Burriss does not participate in, or have any input into, the selection of the Union Trustee of the Health Plan.

       i.      Defendant NASPSO, its agents, representatives, servants and employees and all persons acting by or under its authority shall cooperate with Metro Benefits in the appointment of its duties in this matter. Defendant NASPSO shall provide its full cooperation to Metro Benefits relative to any need for participant or financial data that may exist with regard to any record of the Pension Plan. NASPSO shall continue to pay for the cost of the independent fiduciary as reflected by the Court Order dated September 29, 2006.

       j.      The Secretary and NASPSO shall each bear their own costs, expenses, and attorneys' fees incurred to date in connection with any stage of this proceeding, including but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

       k.      This Consent Judgment shall operate as a final civil disposition of all claims asserted by the Secretary against defendant NASPSO in the Complaint, but does not resolve any criminal proceedings that have been brought, or may be brought, by any federal, state, or local authority.

       l.      Nothing in this Consent Judgment is binding on any governmental agency other than the United States Department of Labor.

m.     This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

n.     The Court directs the entry of this Consent Judgment as a final order.

Date: _____ apr 3, 2007 _____

United States District Judge
Gladys Kessler

Defendant NASPSO,
National Association of Special Police
and Security Officers

Michael C. Ashford,
President, NASPSO

Jonathan L. Snare
Acting Solicitor of Labor

Catherine Oliver Murphy
Regional Solicitor

David R. Levinson
Levinson Law Office
1320 19th Street, N.W.
Suite 601
Washington, D.C. 20036
(202) 223-3434

Attorney for NASPSO,
Pro Bono

Donald K. Neely
Attorney
Office of the Solicitor
Suite 630E, The Curtis Center
170 Independence Mall West
Philadelphia, PA 19106
(215) 861-5139

U.S. DEPARTMENT OF LABOR

ATTORNEYS FOR PLAINTIFF

7