IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELAINE L. CHAO, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>CALEB A. GRAY-BURRISS, et al.,<br><br>Defendants. | Civil Action<br><br>No. 06-1382 (GK) |

## MOTION TO APPROVE AND ENTER
## CONSENT JUDGMENT OF CALEB A. GRAY-BURRISS

Plaintiff, Secretary of Labor, United States Department of Labor, hereby moves this Honorable Court to Approve and Enter the Consent Judgment of Caleb A. Gray-Burriss ("Burriss") as agreed to between the Secretary and defendant Burriss. In support thereof, the Secretary represents that she has reached an agreement with Burriss for the purpose of settling the above-referenced matter with Burriss. The terms of this agreement are set forth in the attached Consent Judgment.

WHEREFORE, for the reasons set forth above, the Secretary respectfully requests that the Motion to Approve and Enter Consent Judgment be granted.

Respectfully submitted,

Address:

Catherine Oliver Murphy
Regional Solicitor
Office of the Solicitor
The Curtis Center, Suite 630E
170 S. Independence Mall West
Philadelphia, PA 19106
(215) 861-5139-phone
(215) 861-5162-facsimile

Jonathan L. Snare
Acting Solicitor of Labor

Catherine Oliver Murphy
Regional Solicitor

Donald K. Neely
Attorney

U.S. DEPARTMENT OF LABOR

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELAINE L. CHAO, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>CALEB A. GRAY-BURRISS, et al.,<br><br>Defendants. | Civil Action<br><br>No. 06-1382 (GK) |

## CONSENT JUDGMENT OF
## CALEB A. GRAY-BURRISS

Plaintiff, Secretary of Labor, United States Department of Labor ("Secretary"), has filed a Complaint in this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., alleging certain violations by the above-captioned defendants, including defendant Caleb A. Gray-Burriss ("Burriss").

Plaintiff, Secretary of Labor, United States Department of Labor, through counsel, has engaged in settlement discussions with Burriss' counsel. The parties have agreed to resolve this case without further litigation. Burriss consents to the entry of this Consent Judgment against him by this Court, the terms of which are set forth herein:

1.  The Secretary's Complaint alleges that defendant Burriss violated Sections 403, 404, 406 and 412 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1103, 1104, 1106, and 1112 with respect to both the NASPSO Pension Plan ("Pension Plan") and the NASPSO Health Plan and Trust ("Health Plan") (collectively, "Plans").

2. For purposes of this Consent Judgment, defendant Burriss admits that the Court has jurisdiction over him and the subject matter of this action.

3. The Secretary has agreed to resolve all claims against defendant Burriss for payment to the Plans and other equitable relief set forth below:

    a. Defendant Burriss shall restore $101,999.00 to the Pension Plan, and prejudgment interest calculated through April 1, 2007.

    b. Defendant Burriss agrees that he will not object to the renaming and/or retitling of three mistitled certificates of deposit with the Harbor Bank of Maryland (Acct. Nos. 15025, 15054 and 15061), currently in the name of the Health Plan and/or NASPSO, to the Pension Plan, upon further Order of the Court. Burriss agrees that he will cooperate in the renaming/retitling process.

    c. Defendant Burriss shall restore $13,196.61 to the Health Plan, an amount that includes prejudgment interest calculated through April 1, 2007.

    d. Defendant Burriss shall restore post-judgment interest to the Plans consistent with the Court's post-judgment interest rate on the date this consent judgment is entered by the Court.

    e. Defendant Burriss agrees that he will not object to the unfreezing of the Health Plan Account at the Harbor Bank of Maryland (Acct. No. 1100058682) when Plaintiff notifies the Court that an Employer Trustee and Union Trustee have been appointed to the Health Plan.

    f.    Defendant Burriss agrees that he will not object to the unfreezing of the three certificates of deposit (Acct. Nos. 15035, 15054, and 15061) at the Harbor Bank of Maryland following the final disposition of the case against the remaining defendants.

4.    The Secretary and Burriss understand and agree that entry of this Consent Judgment is without prejudice to the Secretary's right to investigate and redress violations of ERISA, if any, not alleged in the Complaint, including the Secretary's right to institute future enforcement actions with respect to any other such matter. It is further understood that this paragraph shall not constitute a waiver by Burriss of any defenses, legal or equitable, to any such future action. Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that:

    a.    This Court has jurisdiction over this action and defendant Burriss.

    b.    Defendant Burriss shall restore to the Pension Plan and the Health Plan the amount of $115,195.61, plus post-judgment interest from the date of entry of the consent judgment. The payments by Burriss to the Plans shall be made as specified herein. In the event that defendant Burriss fails to make an installment payment within ten days of the due date as specified herein, the entire balance shall become due and payable immediately. Defendant Burriss may not pay less than the payment amount set forth below for any given payment, but Burriss may accelerate payments to the Plans by making payments in excess of the payment amount.

    c.    Defendant Burriss shall make restitution to the Pension Plan by making payment to the independent fiduciary of the Pension Plan in the manner set forth below. Pre-judgment interest will be paid for by Burriss in his initial payments.

| Payment No. | Payment Amount | Payment Due Date |
|---|---|---|
| No. 1 | $2,000.00 | Three days following the entry of the Consent Judgment of Burriss |
| No. 2 | $2,000.00 | June 15, 2007 |

Payment No. 3, in the amount of $ 225.00, shall be due on July 1, 2007. Burriss shall continue to make payments of $ 225.00, due by the first day of the month on each subsequent month thereafter, until the entire amount owed to the Pension Plan, plus post-judgment interest and the fees of the independent fiduciary, have been paid.

  d.  Defendant Burriss shall make restitution to the Health Plan by forwarding payment to the Health Plan's Account at the Harbor Bank of Maryland (Acct. No. 1100058682) until such time as the new Trustees of the Health Plan determine that payments to the Health Plan be directed elsewhere. Pre-judgment interest will be paid for by Burriss in his initial payments. Burriss shall provide proof of each payment to the Health Plan to the United States Department of Labor, Employee Benefits Security Administration, Washington District Office, 1335 East-West Highway, Suite 200, Silver Spring, Maryland, 20910-3225.

| Payment No. | Payment Amount | Payment Due Date |
|---|---|---|
| No. 1 | $500.00 | Three days following the entry of the Consent Judgment of Burriss |
| No. 2 | $500.00 | June 15, 2007 |

Payment No. 3, in the amount of $75.00, shall be due on July 1, 2007. Burriss shall continue to make payments of $75.00, due by the first day of the month on each subsequent month thereafter, until the entire amount owed to the Health Plan, plus post-judgment interest, has been restored.

4


e. To the extent that other defendants make payments to either the Pension Plan or the Health Plan, the amount and/or number of payments required by defendant Burriss shall be reduced accordingly. The Secretary shall notify defendant Burriss if his payment obligations are subsequently reduced.

f. The Secretary shall assess a penalty against the defendant of 20 percent of the applicable recovery amount pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l). The applicable recovery amount is the amount restored to the Plans by defendant Burriss, which includes reimbursement to the Pension Plan for the cost of the independent fiduciary but not the amount of the certificates of deposit. If defendant Burriss applies for a waiver to reduce or eliminate the penalty amount pursuant to ERISA § 502(l)(3), 29 U.S.C. § 1132(l)(3), and his waiver request is denied or reduced by the Secretary, defendant Burriss shall pay the penalty amount within ten days of the date of the Secretary's denial of the waiver or reduction of the payment amount.

g. Metro Benefits, Inc. is appointed as the independent fiduciary of the Pension Plan with plenary authority and control with respect to the management and administration of the Pension Plan, including the authority to marshal assets on behalf of the Pension Plan, to pursue claims on its behalf, and to take all appropriate actions on behalf of the Pension Plan, including termination of the Pension Plan and distribution of benefits to the Pension Plan's participants and beneficiaries. Metro Benefits, Inc. shall receive reasonable compensation for the performance of its duties, together with costs reasonably and necessarily incurred.

h. The following accounts with the Harbor Bank of Maryland are hereby unfrozen: the NASPSO Pension Plan Account (Acct. No. 1100058674), the NASPSO Union

Dues Account (Acct. No. 1100058633), and the certificate of deposit in the name of Burriss and Thelma M. Dorman (Acct. No. 15057).

      i.    Defendant Burriss is permanently enjoined from serving as trustee, fiduciary, advisor, or administrator to any employee benefit plan, as that term is defined at Section 3(3) of ERISA, 29 U.S.C. § 1002(3). Defendant Burriss is permanently enjoined from serving in any capacity that involves decision-making authority or custody or control of the moneys, funds, assets, or property of any employee benefit plan.

      j.    Defendant Burriss, his agents, representatives, servants and employees and all persons acting by or under his authority shall cooperate with Metro Benefits in the appointment of its duties in this matter. Defendant Burriss shall provide his full cooperation to Metro Benefits relative to any need for participant or financial data that may exist with regard to any record of the Pension Plan. Burriss shall continue to pay for the cost of the independent fiduciary as reflected by the Court Order dated September 29, 2006.

      k.    The Secretary and Burriss shall each bear their own costs, expenses, and attorneys' fees incurred to date in connection with any stage of this proceeding, including but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

      l.    This Consent Judgment shall operate as a final civil disposition of all claims asserted by the Secretary against defendant NASPSO in the Complaint, but does not resolve any criminal proceedings that have been brought, or may be brought, by any federal, state, or local authority.

      m.    Nothing in this Consent Judgment is binding on any governmental agency other than the United States Department of Labor.

n.   This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

o.   The Court directs the entry of this Consent Judgment as a final order.

Date: April 16, 2007

United States District Judge
Gladys Kessler

Jonathan L. Snare
Acting Solicitor of Labor

Catherine Oliver Murphy
Regional Solicitor

Caleb A. Gray-Burriss,
Defendant

Howard R. Shmuckler
Law Offices of Howard R. Shmuckler
1700 Pennsylvania Avenue, N.W.
Suite 400
Washington, D.C. 20006
(202) 349-4034

Attorney for Caleb A. Gray-Burriss

Donald K. Neely
Attorney
Office of the Solicitor
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106
(215) 861-5139

U.S. DEPARTMENT OF LABOR

ATTORNEYS FOR PLAINTIFF