IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELAINE L. CHAO, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>CALEB A. GRAY-BURRISS, et al.,<br><br>Defendants. | Civil Action<br><br>No. 06-1382 (GK) |

## CONSENT JUDGMENT OF
## RUSSELL A. STEPHENS AND SECURITY ASSURANCE MANAGEMENT, INC.

Plaintiff, Secretary of Labor, United States Department of Labor ("Secretary"), has filed an Amended Complaint in this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, alleging certain violations by the above-captioned defendants, including defendant Russell A. Stephens ("Stephens"). Security Assurance Management, Inc. ("Security Assurance") has been named as a defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure.

Plaintiff, Secretary of Labor, United States Department of Labor, through counsel, has engaged in settlement discussions with the counsel representing Stephens and Security Assurance. The parties have agreed to resolve this case without further litigation. Notwithstanding their answer and waiving further answer, Stephens and Security Assurance, without admitting or denying liability, consent to the entry of this Consent Judgment against them by this Court, the terms of which are set forth herein:

1. The Secretary's Amended Complaint alleges that defendant Stephens violated Sections 403, 404, 405 and 412 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1103, 1104, 1105, and 1112 with respect to the NASPSO Health Plan and Trust ("Health Plan"). The Secretary's Complaint does not allege that defendant Stephens or Security Assurance violated any provisions of ERISA with respect to the NASPSO Pension Plan ("Pension Plan").

2. For purposes of this Consent Judgment only, defendants Stephens and Security Assurance admit that the Court has jurisdiction over them and the subject matter of this action.

3. The Secretary has agreed to resolve all claims against defendant Stephens for the equitable relief set forth below:

    a. Defendant Stephens shall enroll in and complete an EBSA-approved, fiduciary education course sponsored by the International Foundation for Employee Benefit Plans or other comparable course sponsor, within nine months from the date of entry of this Consent Judgment.

    b. Stephens agrees that he will not object to the unfreezing of three certificates of deposit with the Harbor Bank of Maryland (Acct. Nos. 15035, 15054 and 15061).

    c. Stephens agrees that he will not object to the unfreezing of the Health Plan Account at the Harbor Bank of Maryland (Acct. No. 1100058682).

4. The Secretary, Stephens, and Security Assurance understand and agree that entry of this Consent Judgment is without prejudice to the Secretary's right to investigate and redress violations of ERISA, if any, not alleged in the Amended Complaint, including the Secretary's

2

right to institute future enforcement actions with respect to any other such matter. It is further understood that this paragraph shall not constitute a waiver by Stephens or Security Assurance of any defenses, legal or equitable, including those raised in their Answer to the Amended Complaint, to any such future action. Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that:

  a. This Court has jurisdiction over this action only and defendants Stephens and Security Assurance.

  b. Stephens shall not object to the unfreezing of the three certificates of deposit with the Harbor Bank of Maryland (Acct. Nos. 15035, 15054 and 15061).

  c. Defendant Stephens shall enroll in and complete a fiduciary education training course sponsored by the International Foundation for Employee Benefit Plans or some other comparable course sponsor, within nine months from the date of entry of this Consent Judgment; Stephens shall consult with, and obtain the approval of, the Washington District Office of EBSA prior to enrolling in the course, and such approval shall not be unreasonably withheld.

  d. The Secretary, Stephens, and Security Assurance shall each bear their own costs, expenses, and attorneys' fees incurred to date in connection with any stage of this proceeding, including but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

  e. This Consent Judgment shall operate as a final civil disposition of all claims asserted by the Secretary against defendant Stephens in the Amended Complaint, but does not resolve any criminal proceedings that have been brought, or may be brought, by any federal, state, or local authority.

f. Nothing in this Consent Judgment is binding on any governmental agency other than the United States Department of Labor and is not binding on any other person or entity.

g. This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

h. The Court directs the entry of this Consent Judgment as a final order.

Date: 6/27/07

*[signature]* — 6/29/07
United States District Judge
Gladys Kessler

Defendant Russell A. Stephens
and Security Assurance Management, Inc.
consent to the entry of this Consent Judgment
individually and through counsel:

*[signature]*
Russell A. Stephens

*[signature]*
Security Assurance Management, Inc.

*[signature]*
Robert J. Hickey
Law Offices of Robert Hickey
1050 17th Street NW
Suite 700
Washington, D.C. 20036
(202) 659-0537

Attorney for Russell A. Stephens and
Security Assurance Management, Inc.

Jonathan L. Snare
Acting Solicitor of Labor

Catherine Oliver Murphy
Regional Solicitor

*[signature]*
Donald K. Neely
Attorney
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106
(215) 861-5139

U.S. DEPARTMENT OF LABOR

ATTORNEYS FOR PLAINTIFF

4