IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELAINE L. CHAO, SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>                Plaintiff,<br><br>v.<br><br>CALEB A. GRAY-BURRISS,<br>   et al.,<br><br>                Defendants. | Civil Action<br><br>No. 06-1382 (GK) |

### PLAINTIFF'S MOTION TO APPOINT INDEPENDENT FIDUCIARY TO ADMINISTER THE NASPSO HEALTH PLAN

Plaintiff, Secretary of Labor, United States Department of Labor, through her undersigned counsel, makes this Motion to Appoint an Independent Fiduciary To Administer the Health Plan of the National Association of Special Police and Security Officers ("NASPSO Health Plan"). In support thereof, the Secretary states as follows:

1) On April 3, 2007 and April 17, 2007, the Court approved consent judgments that the Secretary entered into with defendants' National Association of Special Police and Security Officers ("NASPSO") and Caleb A. Gray-Burriss ("Burriss"), respectively, pertaining to breaches of the Employee Retirement Income Security Act of 1974 ("ERISA") committed by defendants in connection with the administration of the NASPSO Pension Plan and NASPSO Health Plan.

2) On June 29, 2007, the Court entered the consent judgment of a third principal defendant, Russell A. Stephens, the former Employer Trustee of the NASPSO Health Plan.

3) The three consent judgments resolved the allegations contained in the Secretary's Amended Complaint. However, one account must be unfrozen before the above-referenced matter can be closed. The NASPSO Health Plan account with the Harbor Bank of Maryland (acct. no. 1100058682) has been frozen throughout the instant litigation and should be unfrozen. There is an approximately $26,000 balance in the Health Plan account at the Harbor Bank of Maryland.

4) Before the NASPSO Health Plan account can be unfrozen, there must be appropriate fiduciary oversight of the Health Plan. The Health Plan Agreement and Declaration of Trust provides that "the Plan shall be administered by the Board of Trustees, which shall consist of at least two (2) Trustees, one (1) Trustee designated by participating Employers and one (1) Trustee designated by the Union." (Art. 2, Sec. 3, NASPSO Health Plan Agreement and Declaration of Trust). NASPSO designated a Union Trustee to administer the Health Plan on or about April 13, 2007. However, there has been no Employer Trustee since the resignation of Russell A. Stephens became effective on or about May 25, 2007. SecTek, Inc. ("SecTek"), the lone participating employer in the Health Plan, has not designated a new Employer Trustee.

5) Under the terms of the consent judgments, the Health Plan account is to be unfrozen after "Plaintiff notifies the Court that an Employer Trustee and Union Trustee have been appointed to the Health Plan." (See, e.g., NASPSO consent judgment, para. 3, f). Unfreezing the Health Plan account would be appropriate at that time since both an Employer Trustee and a Union Trustee would be in place in accordance with the Health Plan document.

6) Plaintiff has contacted SecTek, and SecTek has stated that it has no intention of designating an Employer Trustee to replace the former Employer Trustee, Russell A. Stephens. Plaintiff believes that SecTek's refusal stems from an ongoing, contentious relationship between

2

SecTek and NASPSO, which has included recent actions before the National Labor Relations Board. For example, NASPSO filed a complaint against SecTek for engaging in unfair labor practices under the National Labor Relations Act, 29 C.F.R. § 151. SecTek has also filed a motion before the National Labor Relations Board to revoke NASPSO's certification.

7) Based upon Plaintiff's recent discussions with NASPSO and SecTek, it appears that these two parties may be amenable to the appointment of an Independent Fiduciary to administer the NASPSO Health Plan. The selection of an Independent Fiduciary, to replace the Union trustee and the Employer Trustee, would obviate the need for SecTek to designate an Employer Trustee to work with the Union Trustee. An Independent Fiduciary would replace the Employer Trustee and Union Trustee and would administer the Health Plan until such time as the Independent Fiduciary considers it appropriate to terminate the Health Plan. Following the selection of an Independent Fiduciary, the Health Plan account could be unfrozen, thereby ending the instant litigation.

8) If the Court grants the Motion to Appoint an Independent Fiduciary to Administer the Health Plan, Plaintiff respectfully requests that she, and the other parties, be granted twenty-one days within which to submit recommendations to the Court for the appointment of an Independent Fiduciary. NASPSO has represented to Plaintiff that it will cancel the appointment of the current Union Trustee or otherwise obtain the Union Trustee's voluntary resignation, effective upon the Court appointment of the Independent Fiduciary.

9) Plaintiff respectfully requests that the Independent Fiduciary be paid from the Health Plan account at the Harbor Bank of Maryland. If the Court determines that the independent fiduciary should not be paid from assets in the Health Plan account, Plaintiff respectfully submits that SecTek be ordered to pay the Independent Fiduciary.

10) If the Court determines that the appointment of an Independent Fiduciary is not warranted and does not grant the Secretary's Motion, the Secretary respectfully requests an Order requiring the participating employer, SecTek, to designate an Employer Trustee as set forth in the Health Plan document.

WHEREFORE, for all the foregoing reasons, the Secretary respectfully requests the Motion to Appoint Independent Fiduciary to Administer the NASPSO Health Plan be granted.

                                                    Respectfully submitted,

Post Office Address:

Catherine Oliver Murphy
Regional Solicitor
Office of the Solicitor
U.S. Department of Labor
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106-3306
(215) 861-5139

Jonathan L. Snare
Acting Solicitor of Labor

Catherine Oliver Murphy
Regional Solicitor

Donald K. Neely
Attorney

U.S. DEPARTMENT OF LABOR

Attorneys for Plaintiff

4