IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELAINE L. CHAO, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> CALEB A. GRAY-BURRISS, et al., <br><br> Defendants. | Civil Action <br><br> No. 06-1382 (GK) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ADJUDICATION OF CIVIL CONTEMPT**

Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor ("Secretary") has filed a Motion for Adjudication of Civil Contempt. Defendant Caleb A. Gray-Burriss, who entered into a consent judgment with Plaintiff on April 20, 2007, has failed to restore money to the NASPSO Pension Plan ("Pension Plan") and the NASPSO Health Plan and Trust ("Health Plan")(collectively, "the Plans"), as required by the terms of the consent judgment. Defendant Burriss has failed to make his three most recent payments to the Pension Plan and has not made any payments to the Health Plan. To date, Defendant Burriss has failed to pay $675.00 that he owes to the Pension Plan and $1,300.00 that he owes to the Health Plan. Defendant Burriss' failure to pay has implicated the consent judgment's accelerator clause, thereby causing the entire balance of both Plans to become due and payable immediately. Therefore, the Secretary respectfully requests that the Court issue an Order finding Defendant Burriss in civil contempt and issue appropriate sanctions.

The Court has power to enforce compliance with its lawful order through civil contempt. See International Union, United Mine Workers of American v. Bagwell, 512 U.S. 821, 827 (1994). See also, Shillitani v. United States, 384 U.S. 364, 370 (1966). Civil contempt sanctions, designed to compel future compliance with a court order, may be imposed upon notice and an opportunity to be heard. International Union, UMW, 512 U.S. at 827.

The Secretary bears the burden of proving civil contempt by clear and convincing evidence that: (1) a valid court order existed, (2) [Defendant] had knowledge of the order, and (3) [Defendant] disobeyed the order. Yancheng Baolong Biochemical Products Company, Ltd. V. United States, 406 F.3d 1377, 1381 (Fed. Cir. 2005); John T. v. Delaware County Intermediate Unit, 318 F.3d 545, 552 (3d Cir. 2003). Further, the Court may impose sanctions to compel obedience to the Order, as well as to compensate the Secretary for the losses sustained as a result for losses sustained. United States v. Mine Workers, 330 U.S. 258, 303-304 (1947); See also Taberer v. Armstrong World Indus., Inc., 954 F.2d 888, 896 (3d Cir. 1992) ("When a party refuses to obey a court order . . . civil sanctions may be used to coerce compliance . . ." ).

The Secretary has met its burden in this case. On April 20, 2007, the Court signed and entered the Consent Judgment of Caleb A. Gray-Burriss, wherein Defendant Burriss was ordered to restore assets to the Pension Plan and Health Plan for violations of the Employee Retirement Income Security Act of 1971. (*see* Docket entry No. 46). Defendant Burriss' payment obligations, as agreed to by the Secretary and Defendant Burriss, and then ordered by the Court, were clearly set forth in the consent judgment.

Defendant Burriss was ordered to pay $4,000.00 to the Pension Plan by June 15, 2007, followed by monthly payments of $225.00 until all assets were restored to the Pension Plan. Burriss paid the $4,000.00, as well as his July 1, 2007 payment of $225.00. However, Burriss has not made any payments to the Pension Plan for August 1, 2007, September 1, 2007, and October 1, 2007. Defendant Burriss is therefore $675.00 (i.e., $225.00 per month for three months) behind in his payments to the Pension Plan.

Defendant was also ordered to make two payments totaling $1,000.00 to the Health Plan by June 15, 2007, followed by monthly payments of $75.00. Burriss has not made any payments to the Health Plan. He therefore owes the first two payments totaling $1,000.00, as well as $300.00 of missed monthly payments to date (i.e., four payments of $75.00 that were due to the Health Plan on the first of the month in July, August, September, and October).

There is no question that Defendant Burriss has knowledge of the order, as contained in the consent judgment, requiring him to make ongoing payments to the Plans. Defendant Burriss, along with his legal counsel, signed the consent judgment. The fact that Defendant Burriss made his first three payments to the Pension Plan demonstrates that he knows that he must make monthly payments. Thus, Defendant Burriss has failed to comply with a valid order of this Court about which he has knowledge.

The Secretary respectfully requests that the Court issue an Order to Show Cause directing Defendant Burriss to appear before the Court to show cause why he should not be adjudged guilty of civil contempt. Further, the Secretary respectfully requests that the court subject Defendant Burriss to a coercive fine of $100.00 per day for each day Defendant Burriss fails to comply with the terms of the consent judgment requiring

3

prompt payment of the unpaid balances to the Pension Plan and Health Plan. See Roe v. Operation Rescue, 920 F.2d 213 (3d Cir. 1990) (affirming order imposing fines to coerce compliance with prior order). Consistent with the terms of the consent judgment, payment of the entire unpaid balances is warranted given that payments to the respective Plans are more than ten days overdue. The Secretary respectfully submits that the $100.00 daily fine be paid directly to the Pension Plan and Health Plan, respectively, in equal amounts of $50.00. Such an order would "vindicate [the Court's] authority to compel compliance with lawfully issued directives, and to not reward delay and disobedience." See U.S. v. Philip Morris USA Inc., 287 F. Supp. 2d 5, 14 (D.D.C. 2003).

The Secretary also respectfully asserts that the Department is entitled to the costs expended because of the contumacious conduct of Defendant Burriss. See United States v. Fesman, 781 F. Supp. 511, 516 (S.D. Ohio 1991) (party which failed to comply with order enforcing administrative subpoena required to pay amount which included cost of enforcing order). One remedy available to the Secretary is reimbursement for reasonable attorney's fees. Motley v. Yeldell, 664 F. Supp. 557, 558 (D.D.C. 1987)(finding that award of attorney's fees is reasonable in case of civil contempt); See also Halderman v. Pennhurst State School & Hospital, 49 F.3d 939, 941 (3d Cir. 1995) (in the context of contempt, "the innocent party is entitled to be made whole for the losses it incurs as the result of the contemnors' violations, including reasonable attorneys' fees and expenses"). In this case, the Secretary requests that the Court levy a compensatory fine payable to the Secretary of Labor that represents the cost for the contemptuous conduct, including the reasonable attorney's fees of the undersigned to prepare and file the instant Motion.

For all the foregoing reasons, the Secretary respectfully requests that her Motion for Adjudication of Civil Contempt and the requested relief be granted.

Respectfully submitted,

Post Office Address:

Catherine Oliver Murphy
Regional Solicitor
Office of the Solicitor
U.S. Department of Labor
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106-3306
(215) 861-5139

Jonathan L. Snare
Acting Solicitor of Labor

Catherine Oliver Murphy
Regional Solicitor

*/s/ Donald K. Neely*
Donald K. Neely
Attorney

U.S. DEPARTMENT OF LABOR

Attorneys for Plaintiff

5